Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence, or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, MODIFIES in part and AFFIRMS in part the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were agreed upon by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Employer-employee relationship existed between the plaintiff and the defendant-employer at all time relevant herein.
3. The defendant-employer was self insured.
4. Plaintiff's average weekly wage was $727.12, which yields the maximum compensation rate for 1993 of $442.00 per week.
5. Plaintiff suffered an injury by accident on August 10, 1993, resulting in a contusion to his back and right arm.
6. The defendant-employer admitted liability and certain benefits were paid through January 24, 1994.
7. A Form 24 was approved by the Industrial Commission on April 19, 1994.
8. The issue to be determined by the Commission is whether plaintiff is entitled to benefits under N.C. Gen. Stat. § 97-30 or N.C. Gen. Stat. § 97-31.
* * * * * * * * *
Based on the competent evidence of record, the Full Commission adopts in part and modifies in part the findings of fact of the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of hearing before the Deputy Commissioner, the plaintiff was 47 years old and had worked for the defendant as an over-the-road truck driver for approximately three years. Plaintiff's prior work history included approximately 18 years as an over-the-road truck driver.
2. On August 10, 1993, plaintiff was injured when the tractor trailer truck he was operating for defendant ran off the road, slid down a ravine and turned over. The accident occurred in Banks County, Georgia.
3. As a result of said accident, plaintiff sustained injuries to his back and right arm. Defendant accepted liability pursuant to a Form 21 agreement which was approved by the Industrial Commission on October 6, 1993.
4. Plaintiff was treated in the emergency room at Mercy Hospital on August 11, 1993 and was referred to Dr. Cecil J. Milton, an orthopedic surgeon. Dr. Milton treated plaintiff conservatively from August 16, 1993 through March 8, 1994, at which time he released plaintiff with a permanent partial impairment rating of 10% to the back and 10% to the right arm. Dr. Milton further imposed the following work restrictions on plaintiff: 1) standing/walking shall be restricted to only 2-4 hours in an 8-hour work day; 2) sitting is restricted to only 2-4 hours in an 8-hour work day; 3) lifting/carrying is restricted to only 10 pounds frequently; 4) no simple grasping, pushing or pulling or fine manipulation with the right hand; 5) no squatting or crawling and; 6) plaintiff should do only occasional bending, kneeling and climbing.
5. Plaintiff was referred by defendant to Dr. Raymond C. Sweet for a second opinion on November 17, 1993. Dr. Sweet recommended the intervention of a rehabilitation nurse, a work hardening program, a functional capacity evaluation and that plaintiff should return to light duty work as soon as possible.
6. Plaintiff had previously returned to defendant-employer and requested that he be permitted to return to his job as an over-the-road truck driver during the week following his accident, but was advised that he had been terminated due to company policy. Defendant had a policy of terminating any driver involved in an accident that was ruled "a major preventable accident" with damages in excess of $15,000.00. Plaintiff's accident involved property damage in excess of this amount.
7. Defendant employed American Rehabilitation, Inc., a vocational rehabilitation firm, in January, 1994 for the purpose of assisting plaintiff in locating employment. American Rehabilitation was successful in securing a job for plaintiff with Veteran Services as a telemarketor on January 17, 1994. This was a "work by commission" job and plaintiff earned a total of $53.00 during the period from January 17, 1994 to March 27, 1994. American Rehabilitation assisted plaintiff in locating another job with ABM Security Services on March 27, 1994. At the time of hearing, plaintiff remained employed with ABM Security. Plaintiff's average weekly wage with ABM Security Services, Inc. was $154.88 per week.
8. Plaintiff underwent a functional capacity evaluation which concluded that he is able to return to a sedentary/light level of work. According to this evaluation, plaintiff's lifting is restricted to 15 pounds occasionally, 7 pounds frequently and 0 pounds constantly.
9. Plaintiff has cooperated fully with defendant's vocational rehabilitation efforts.
10. Plaintiff is unable to return to his prior work duties as an over-the-road truck driver in that his work restrictions would not allow him to fulfill the job requirement of loading and unloading trucks.
11. Defendant ceased paying all workers' compensation benefits to plaintiff on January 17, 1994 when he secured the telemarketing job with Veteran Services. At said time, plaintiff had not returned to his pre-injury wages or reached maximum medical improvement and was entitled to temporary partial disability compensation.
12. Plaintiff sustained cervical and lumbar back strain directly resulting from his accident on August 10, 1993. Plaintiff also sustained an injury to his right arm.
13. Plaintiff is expected to have permanent lifting restrictions of about 10 pounds and he will have some restrictions on his right hand and arm due to diminution in strength. As a result of his compensable injury by accident on August 10, 1993, plaintiff is incapable of earning the same wages that he earned prior to his injury. Plaintiff is entitled to partial disability compensation.
14. Plaintiff reached maximum medical improvement on March 8, 1994.
15. Plaintiff has elected benefits for his permanent partial impairment under N.C. Gen. Stat. § 97-30 which is the more favorable remedy.
16. The Form 24 Application of Defendant to Stop Payment was improvidently approved.
* * * * * * * *
Based on the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On August 10, 1993, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment. As a result of said injury, plaintiff sustained a 10% permanent partial impairment to his back and a 10% permanent partial impairment to his right arm. N.C. Gen. Stat. § 97-2(6).
2. As a result of plaintiff's injury by accident, defendant accepted liability pursuant to a Form 21 agreement and paid temporary total disability benefits to plaintiff until January 24, 1994. Based upon said agreement, there is a presumption that plaintiff's disability continued until defendant proves that plaintiff is capable of earning the same wages he earned before his injury in the same or other employment. Plaintiff is entitled to temporary partial disability compensation at the rate of two-thirds the difference between his average weekly wage before his injury and the average weekly wage he is able to earn thereafter. Plaintiff was able to earn a total of $53.00 from January 17, 1994 through March 27, 1994 which computes to $5.30 per week. Plaintiff is entitled to partial disability compensation at the rate of $442.00 per week from January 17, 1994 through March 27, 1994.
3. Plaintiff reached maximum medical improvement on March 8, 1994 and has sustained permanent partial impairment to his back and arm resulting from his compensable injury. Defendant has proven that plaintiff is capable of earning a diminished weekly wage of $154.88 per week beginning March 27, 1994. Therefore, plaintiff's incapacity for work resulting from his compensable injury is partial. Plaintiff has elected benefits under N.C. Gen. Stat. § 97-30. Plaintiff is entitled to weekly compensation equal to 66 2/3% of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter for a period not to exceed 300 weeks from the date of injury. Plaintiff is entitled to partial disability compensation at the rate of $381.51 per week from March 27, 1994 and continuing for up to 300 weeks from the date of injury.
3. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury by accident for so long as such evaluations and treatments are reasonably required to effect a cure, provide relief or lessen his of disability.
* * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. During the period from January 24, 1994 through March 27, 1994 when plaintiff was temporarily partially disabled, defendant shall pay to plaintiff partial disability compensation in the amount of $442.00 per week. Thereafter pursuant to plaintiff's election of benefits under N.C. Gen. Stat. § 97-30, defendant shall pay plaintiff partial disability compensation at the rate of $381.51 per week for a period not to exceed 300 weeks from the date of injury. Any amounts accrued shall be paid in a lump sum, subject to an attorney's fee hereinafter awarded.
2. Defendant shall pay all medical expenses incurred or to be incurred as a result of plaintiff's compensable injury when bills for same are submitted and approved through procedures adopted by the Industrial Commission.
3. An attorney's fee of 25% of the compensation due plaintiff herein is awarded to plaintiff's attorney. Additionally, plaintiff's attorney shall receive 25% of any future compensation due the plaintiff.
4. Defendant shall pay the costs due the Commission.
IT IS FURTHER ORDERED that the Industrial Commission's approval of the Form 24 Application to Stop Payment is VACATED.
 S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ___________________ COY M. VANCE COMMISSIONER
DISSENTING:
S/ ___________________ J. RANDOLPH WARD COMMISSIONER
BSB:md